UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Ernesto Poux, #55794-004, | ) C/A No. 4:10-433-HFF-TER |
| Plaintiff, | ) |
| | ) Report and Recommendation |
| vs. | ) |
| | ) |
| FCI Bennettsville, SC, S/S/LT Mailroom; FCI Bennettsville, SC, SHU Officers; FCI Bennettsville, SC, C-Unit Manager; LT. J. Edwards; LT. S. Morrison; LT. Ms. T. Lewis; Lt. D. Hudson; Ms. S. Cartwright; John Does and Jane Does, | ) |
| Defendants. | ) |

## I. PROCEDURAL BACKGROUND

The plaintiff, Ernesto Poux, filed this action under 42 U.S.C. § 1983[1] on February 26, 2010, alleging violations of his constitutional rights. During the time of the mater alleged in his complaint, plaintiff was housed at FCI Bennettsville. Defendants filed a motion to dismiss, or in the alternative, for summary judgment August 27, 2010, along with a memorandum and exhibits in support of said motion. (Doc.#33). Because plaintiff is proceeding pro se, he was advised on or about August 30, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the defendants' motion to dismiss/motion for summary judgment could result in the dismissal of his complaint. On October 5, 2010, plaintiff filed a response to the motion.[2]

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

[2] Within plaintiff's response to defendants' motion for summary judgment, plaintiff appears to request to amend his complaint to identify some of the John and Jane Does. If plaintiff is attempting to file a motion to amend within his response, the motion is denied. Based on the foregoing, the court concludes the defendants are entitled to summary judgment for failure to

## II. DISCUSSION

## A. ARGUMENT OF PARTIES/ FACTUAL ALLEGATIONS

Plaintiff brings this Bivens[3] action asserting his constitutional rights were violated when he was a federal inmate housed at FCI Bennettsville. The plaintiff alleges that defendants threatened him with physical harm, failed to protect him from harm from other inmates including smoke inhalation, and retaliation by preventing him from filing papers with the court and destroying his personal property. (Complaint). Plaintiff requests monetary damages, to be transferred to FCI Miami, Florida, and a temporary restraining order to stop defendants from taking his personal property and tampering with his outgoing legal mail.

Defendants filed their motion to dismiss/summary judgment asserting plaintiff has failed to exhaust his administrative remedies submitting the declaration of Tami Cassaro and exhibits. As matters outside of the pleadings were submitted by the parties, the undersigned will address this motion under Rule 56 of the Federal Rules of Civil Procedure.

---

exhaust administrative remedies. Thus, this would also apply to the proposed additional defendants who is employed at the FCI Bennettsville. Therefore, plaintiff's motion to amend the complaint would be futile. Schurz v. Schriro, 2006 W L 89933 (D.Ariz.2006) (holding if proposed claims fail as matter of law, amendment should be denied as futile). *See also* Sartori v. Angelone, 2001 WL 34810314 (E.D.Va.2001).

[3] A Bivens claim arises when a federal government official, acting under color of federal law, violates a individual's rights under the United States Constitution. Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The undersigned notes that case law involving § 1983 claims is applicable in Bivens actions and vice versa. Farmer v. Brennan, 511 U.S. 825 (1994).

## B. STANDARD FOR SUMMARY JUDGMENT

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements

3

of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## C. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendants have pleaded the affirmative defense of failure to exhaust remedies and submitted the declaration of Tami Cassaro in support of their position. Cassaro states that she is employed by the Federal Bureau of Prisons ("BOP") as the Supervisory Attorney for the Consolidated Legal Center. (Cassaro affidavit). Included in her officials duties, Cassaro has the responsibility of researching logs and records maintained by the BOP on SENTRY concerning administrative remedies. (Id.). After conducting a search of the BOP computerized records maintained on SENTRY, it was determined that plaintiff has not exhausted the BOP's administrative remedy process regarding any of the allegations he sets forth in his complaint. (Id.). Cassaro asserts that plaintiff has filed several administrative remedies since he has been in BOP custody, but not regarding the issues raised in this complaint. (Id.).

A review of plaintiff's complaint form reveals that he marked that there is a prisoner grievance procedure at the institution, that he did not file a grievance concerning the claim he is raising in this matter, and, therefore, he did not receive a final agency/departmental determination. Plaintiff admits in the complaint form that the only steps he took were verbal requests and inmate request forms. Plaintiff attached a copy of "Documentation of Informal Resolution Attempt date July 2009." (Doc. #1). In his response in opposition to the motion for summary judgment, plaintiff asserts that he exhausted all "available" administrative remedies. Plaintiff asserts that he attempted to exhaust by "doing all he could do" but did not receive responses to his grievances. (Doc. #36). However, the documents that plaintiff submitted along with his response reveal that plaintiff only

4

submitted "Request to Staff" forms but, other than his own self-serving statements, did not provide any evidence that he attempted to file the grievance forms. Plaintiff submitted the affidavit of another inmate, Richard Trice, who states that he observed plaintiff "writing a lot of legal and non-legal letters" and saw that his mail was being opened by the staff members outside of plaintiff's presence but did not attest that he knew plaintiff to file grievances. (Doc. #36-1).

The BOP regulations set forth a three-tiered process for an inmate to seek redress for the alleged deprivation of any right. *See* 28 C.F.R. § 542.10. The Federal Bureau of Prisons has established an administrative procedure whereby a federal inmate may seek review of complaints relating to any aspect of his or her confinement. *See* 28 C.F.R. § 542.10, which was cited in Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir.1986).

The plaintiff may informally attempt to resolve the complaint with a staff member. 29 C.F.R. §542.13(a). If informal resolution is not successful, the inmate may file a formal written complaint to the warden. This complaint must be filed within twenty (20) calender days from the date on which the basis for the complaint occurred. 28 C.F.R. §542.14(a). If the inmate is not satisfied with the Warden's response, that response may be appealed to the Regional Director. An inmate who is not satisfied with the Regional Director's response may submit an appeal to the General Counsel within thirty (30) calender days of the date the Regional Director signed the response. 28 C.F.R. 542.15(a), 418 U.S. 539, 557 (1974). The plaintiff "has no alternative but to comply" with these administrative procedures. Williams v. O'Brien, supra, 792 F.2d at 987. *See also* 28 C.F.R. § 542.10 through § 542.16.

Based on a review of the complaint and other filings in this case, plaintiff has failed to exhaust his administrative remedies. As set out above, plaintiff marked in the complaint form that

5

he did not file grievances with respect to the claims raised in this action. In his response, plaintiff asserts that he was not provided forms and could not exhaust. However, plaintiff also asserts that he attempted to exhaust but asserts his counselor did not file his grievance forms. Therefore, his own allegations contradict his allegations that he was denied the forms to file a grievance.

Accordingly, it is recommended that defendants' motion for summary judgment (doc. #33) be granted for failure to exhaust administrative remedies.

### III. CONCLUSION

Based on the above reasoning, it is RECOMMENDED that defendants' motion to dismiss/summary judgment (document #33) be GRANTED and this claim dismissed for failure to exhaust administrative remedies.

It is further RECOMMENDED that any other outstanding motions be deemed MOOT.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

November 1, 2010
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**